Upson, J.
The difficulty in giving a satisfactory construction to the will of P. N. Taylor does not arise from any doubt as to the principles of construction, but from the indefiniteness of the few words in which he endeavored’to express his meaning, so far as it relates to his adopted daughter. The words £( provide for,” are capable of a very broad, or a very narrow, signification. They may be understood to include the furnishing of food, clothing, a dwelling house, household furniture, fuel, lights, and all. that may be needed to enable a person to live comfortably ; or they may *540 be interpreted to mean only the supply of necessary food and clothing, or the giving of a suitable marriage portion.
In reference to the time during which the provision shall be continued, the meaning of those words is equally doubtful; they may require that it should continue while the adopted child remains at the home of the widow, during her minority until her marriage, or during her life.
In the case of Abraham v. Alman, 1 Russ. 509, 46 English Chancery Rep. 453, the will under consideration contained the same words in the following clause: “ Also to provide for the two daughters of my child Hannah Embden, namely Sarah Embden and Esther Embden,” and in giving the opinion of the court upon the effect of this clause, the master of the rolls said: “ The testator had no doubt intended tq make a provision for the Embdens, but his purpose seems to have been to do so by a distinct provision, and not by attaching a charge upon what was given beneficially to others. What this provision was to be, or in what manner, or out of what fund to be made, the court has no means of determining. . Was the payment to be made by a payment to the children of Hannah Embden during their respective lives, or by the payment of a sum in gross ? How was the amount of it to be calculated ? It appears to me impossible to give any certain construction to the clause on which the plaintiffs found their claim.”
The court thereupon held that clause of the will to be void for uncertainty. We are not disposed to go so far as that in this case. The language of the clause written in 1863 is plain, and taken alone would give to the widow all,of the property, real and personal, for her own benefit, but it is clear that by the clause added by the téstator, November 25 1873, the day before he died, he intended to place his widow under obligation to make some provision for their adopted daughter ; and effect should be given to that intention so far as it can be as ascertained. For this purpose we must first determine- the nature and extent of the provision intended, and in regard to that we are satisfied that the testator-intended to -trust mainly to the discretion of his wife, and *541 with that discretion, fairly exercised, a court 'of equity would not interfere. It is conceded by Mrs. Taylor that while Mrs, Elder remained at the home of the former, as a member of her family, it was her duty to support her; which duty is admitted to have been performed, but' 'it is claimed by Mrs. Elder that the obligation to support her during life, was imposed upon Mrs. Taylor by her election to take under the will, and that the whole of the property devised and bequeathed, was taken by her subject to that trust. These claims were sustained by the judgment of the superior court, which found that by the terms of the will Taylor “ intended to, and did, convey all of his property, real and personal,” to his wife with a trust, by which his adopted daughter became, and w’as, entitled to be provided for, out of the estate, with a reasonable and adequate support for her life, proportioned to the estate left by Taylor, and her condition and circumstances in life; and rendered judgment in accordance with that finding. We cannot concur in that construction of the will, which holds the whole property in trust to secure the support for life of the adopted daughter, and makes the-rights and interests of the widow subordinate. We do not think the language of .the will, or the surrounding circumstances, show that to have been the intention of the testator.' We think it is clear that his principal purpose was to give his ¡property to his wife, for her own benefit, but with the obligation to provide, to a reasonable extent, for the adopted daughter. This obligation was fully discharged by the support provided from the death of the testator to the marriage of Mrs. Elder, when it was no longer needed. Cases have been cited, on one side to sustain the position that maintenance for life was intended, and, on the other, that the intended provision was limited to support while the beneficiary should remain a member of the widow’s family; but it has been well stated that “ no definite rule can be laid down ; each case must stand upon its own circumstances.”
The principles which we consider applicable to this case however, so far as they reíale to the extent of the required provision, are stated in the case of Carr v. Living, 28 Beavan, *542 644, where the testator devised and bequeathed his real and personal property to trustees in trust to pay the interest to the testator’s wife, for life, for the separate use of his wife, and their children, to be applied for the maintenance and support of herself, and the maintenance, education, clothing and support of the children. Upon the hearing of the case the master of the rolls, Sir J oh» Romilly, said: “ The principle on which I have always acted, and which is consistent with all the authorities, is this, that although the parent in these cases is a trustee for the children, it is only so far as is required for their maintenance and support. Thus if the daughters had married and were supported by their husbands, they could not come and complain that no allowance was made to them,” and the court held that “ when the children are otherwise provided for, and do not require support or maintenance, they are not entitled to complain that they do not receive a portion of the fund which is not required for their maintenance, education and support.” The principles applicable to the construction of the will now under consideration are also illustrated by the case of Paisley's Appeal, 70 Pa. St. 153. The testator gave to his wdfe the rents and profits of all his property, during her life, for her support, and the support and education of his children, under the direction of his executors, and the court held that this did not create a trust for the children, either in the widow or executors, nor give the orphans’ court, jurisdiction to call them to account, or to decree in favor of the children for the future administration of the estate; that the children had no present interest in any particular shares, and that the testator’s main object was to benefit the widow. In regard to the judgment of the court below the court say, “such a distribution as that decreed might .be most unjust and inequitable. It might leave the widow with all the cares and responsibilities of the household upon her, without an adequate support for herself.”
Similar considerations are entitled to great weight in determining the meaning of the words “provide for” in the will of P. N. Taylor, and upon the whole we are satisfied that the facts stated in the petition of Mrs. Elder are not sufficient to *543 constitute a cause of action, and that the superior court erred in overruling the demurrer to the petition, as well as in the final judgment against Mrs. Taylor.
We do not decide that circumstances may not occur hereafter which would give Mrs. Elder a right to further provision, nor do we decide what mode of enforcing such provision might be adopted, but that she has no right to any share of the property, nor at this time to other relief.
Judgment reversed, demurrer to petition sustained, and cause remanded.